**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                           Criminal Case No: 2:11cr32

CHRISTOPHER JOHN THRAIN,
    Defendant.

## OPINION/ ORDER CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Christopher John Thrain, in person and by counsel, Katy J. Cimino, substituting for L. Richard Walker, appeared before me on November 30, 2011. The Government appeared by Stephen Warner, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court then inquired as to what Defendant's anticipated plea would be. The AUSA responded that Defendant would enter a plea of "Guilty" to a One-Count Information. The Court had the AUSA summarize the written plea agreement. Defendant then stated that the terms of the written plea agreement were as summarized by the AUSA. The Court ORDERED the written plea agreement filed.

The Court determined that the victims of the offenses were properly notified of this hearing.

Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear and accept the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver

of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Christopher John Thrain, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

The Court confirmed the Defendant had received and reviewed the One-Count Information in this matter with his attorney, and then reviewed with Defendant the elements the United States would need to prove to convict him of the charge of aiding and abetting in the commission of mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. Defendant and his counsel then verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the One-Count Information. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to not more than three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; and understood that the Court may require him to pay the costs of his incarceration and supervised release.

The Court then inquired of Defendant regarding his understanding of his conditional waiver of appellate rights as contained in the written plea agreement, as follows:

Ct: Did you and Mr. Walker discuss that you have a right under 18 USC Section 3742 to appeal any conviction and any sentence that the judge imposes on you to he Fourth Circuit Court of Appeals within 14 days of the judge's oral announcement of that sentence?

Def: Yes.

Ct: Did you and Mr. Walker also discuss that under 28 USC Section 2255 you may file a motion commonly called a habeas corpus motion, collaterally attacking or challenging that sentence and how that sentence is imposed?

Def: Yes.

Ct: Did you understand under your written plea agreement, paragraph 16, if the actual sentence that you receive is the same as or equal to a guideline-calculated offense with a guideline level of 13

3

or lower, then you give up your right to appeal that sentence to the Fourth Circuit Court of Appeals and you give up your right to collaterally attack or challenge that sentence using a writ of habeas corpus-type motion?

Def: Yes.

Ct: Did you read and review with Mr. Walker each and every line of paragraph 16– that is, the waiver paragraph in your written plea agreement?

Def: Yes.

Ct: And did you understand that paragraph before you signed the written plea agreement on November 3 of this year?

Def: Yes.

Upon consideration of all which, the Court finds Defendant understood his appellate rights and knowingly and voluntarily waived those rights pursuant to the plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the amended written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on November 3, 2011, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to

Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information, the undersigned Magistrate Judge would write the subject Order and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Order, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The Court further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One-Count Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in the One-Count Information and make a determination as to whether to accept or reject any recommendation or the stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. Defendant in particular understood and agreed to the parties' stipulation that the amount of the loss is $37,701.01, which is also the total amount of restitution owed by Defendant. He agreed that if he is financially able to do, he shall pay part or all of the restitution

prior to the sentencing hearing. He agreed to participate in a pre-sentence debtor examination. He further agreed that if the Court imposes a payment schedule, that schedule shall be the minimum payment obligation. Defendant agreed to voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, without prior demand for payment under the Federal Debt Collection Procedures Act until any criminal monetary penalty and restitution is paid in full.

Defendant finally understood that the Court is not bound by the stipulation and is not required to accept it. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Christopher John Thrain, with the consent of his counsel, Katy J. Cimino, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count Information.

The Court then heard the testimony of Government witness State Insurance Fraud Unit Investigator Brad Dumire. Mr. Dumire testified that he was contacted by Steve Mocchia (sp), an investigator for Dairyland Insurance on December 7, 2006, regarding an investigation of an automobile wreck involving Defendant. He had noted two additional claims with commonalities to the current claim. The commonalities were that an insured vehicle had hit Defendant's parked vehicle. Defendant was

employed as an auto body repairman.

A database maintained by insurance companies as part of the Insurance Crimes Bureau showed every claim that had been made by Defendant. Six additional claims were made by Defendant that were similar to the one already reported. In each, Defendant's car was struck while parked. The insureds who hit his car were insured by different companies. Mr. Dumire asked the insurance companies for their claims files. The files were consistent with the database and the reported claim. Mr. Dumire then began interviewing different individuals who were involved in the wrecks in the other claims filed. The chart on page two of the Information showed 7 "other persons" who each confessed that the crash in which they were involved was staged. They made fraudulent statements to the insurance companies. Each also advised that Defendant was involved in each wreck, and that, in fact, the fraudulent claims were Defendant's idea.

Defendant stated he heard, understood, and did not disagree with Mr. Dumire's testimony. From said testimony, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood his right to have his charges presented in an Indictment and knowingly, freely and voluntarily elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty, including the statutory maximum sentence and the stipulated amount of loss; Defendant made a knowing

and voluntary plea of guilty to the One-Count Information; and Defendant's plea is independently supported by Mr. Dumire's testimony, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained in the One-Count Information and recommends he be adjudged guilty on said charge as contained in the One-Count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

This being Defendant's first appearance before this Court, counsel were asked their position regarding release or detention of Defendant pending further proceedings. The AUSA appearing advised that the United States did not oppose Defendant's release on conditions. It is therefore further **ORDERED** that Defendant is released on conditions pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: December 5, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE